IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF KANSAS

| | |
|---|---|
| CHRISTINA HAGEMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 07-1002-WEB |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of | ) |
| Social Security, | ) |
| | ) |
| Defendant. | ) |

ORDER ADOPTING RECOMMENDATION AND REPORT

Plaintiff seeks review of the Defendant's denial of disability insurance benefits and supplemental security income payments. The matter was referred to Magistrate Judge Reid for a recommendation and report pursuant to Fed. R. Civ. P. 72(b). Now before the Court is the Recommendation and Report of Magistrate Judge Reid. (Doc. 11). Neither party has filed a written objection.

The magistrate judge determined the Administrative Law Judge (ALJ) committed three errors in the denial of disability insurance benefits and supplemental security income payments. First, the ALJ determined the plaintiff's depression and headaches were not a severe impairment. The evidence that a claimant has an impairment must come from relevant medical sources. 20 C.F.R. § 404.1513(a). The evidence can be used to show the severity of the impairment and how it affects the ability to work. 20 C.F.R. § 404.1513(d)(1), § 416.913(d)(1). On remand, the ALJ must consider the evidence from the treating physicians regarding the plaintiff's headaches to determine if the headaches constitute a severe impairment.

Second, the magistrate judge determined the ALJ did not give proper consideration to the opinions of the claimant's treating physicians. In determining the residual function capacity (RFC)

of the claimant, the ALJ must evaluate every medical opinion in the record. *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir.2004). If the evidence is in conflict, the ALJ should seek clarification. The ALJ did not clarify the conflicting reports. On remand, the ALJ will have to contact the treating physician or the source of the conflicting evidence for clarification.

Third, the magistrate judge determined the ALJ erred in step four findings. At step four, the ALJ is required to make findings of fact regarding the individual's residual functional capacity, the physical and mental demands of prior jobs or occupations, and the ability of the individual to return to the past occupation given his or her residual functional capacity. *Hanrie v. United States Department of HHS*, 13 F.3d 359, 361 (1993). The ALJ must make specific findings. The ALJ did not make specific findings regarding the physical and mental demands of prior jobs or occupations. Further, as the parties raised the issue, and the ALJ did not discuss, the ALJ should address whether plaintiff's prior work qualifies as past relevant work performed at the substantial gainful activity (SGA) level.

IT IS ORDERED that the Recommendation and Report of Magistrate Judge Reid (Doc. 11) be adopted by the court; and

IT IS FURTHER ORDERED that the decision of the Commissioner be REVERSED, and this case be remanded for further proceedings (sentence four remand), with directions to conduct further proceedings in accordance with the standards set out in the Report and Recommendations.

SO ORDERED this 9th day of October, 2007.

                                             s/ Wesley E. Brown
                                             Wesley E. Brown
                                             U.S. Senior District Judge